# In the United States Court of Federal Claims

No. 23-1876C
Filed: October 24, 2024
NOT FOR PUBLICATION

**112 GENESEE STREET, LLC, et al.,**

    *Plaintiffs*,

v.

**UNITED STATES,**

    *Defendant.*

---

*F. Greg Bowman*, Williams & Connolly LLP, Washington, D.C., with *Edward Reddington* and *Robel Yared*, of counsel, for the plaintiffs.

*Rebecca S. Kruser*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION

**HERTLING**, Judge

On October 7, 2024, the defendant moved to certify the Court's Order of July 24, 2024 (ECF 19), and the accompanying memorandum opinion (ECF 18), *see 112 Genesee Street, LLC v. United States*, 172 Fed. Cl. 426 (2024), for an interlocutory appeal and to stay further proceedings pending the Federal Circuit's resolution of the petition and the appeal. (ECF 27.) The plaintiffs opposed the motion on October 14, 2024. (ECF 28.)

The plaintiffs are 303 restaurant, bar, and catering businesses. They sued the United States, acting through the Small Business Administration ("SBA"), claiming that they were entitled to receive grants under the Restaurant Revitalization Fund ("RRF"), a program enacted by Congress to support restaurants and related businesses for losses incurred during the COVID-19 pandemic and accompanying business disruptions. The plaintiffs seek monetary damages equal to the amounts sought in their unpaid grant applications, alleging they are entitled to these payments under 15 U.S.C. § 9009c(c)(1) required the SBA to "award grants to eligible entities in the order in which applications are received by the Administrator," but the SBA instead made payments to applicants in the order in which it processed the applications. The plaintiffs allege that, had the SBA made the grants in the order the applications were received, sufficient funds would have been left for them to receive grants.

The defendant moved to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing that the plaintiffs' claims are beyond the jurisdiction of the Court of

Federal Claims because: (1) the plaintiffs lack standing due to a lack of redressability for their alleged injury; (2) their claims are moot; (3) 15 U.S.C. § 9009c is not money-mandating and cannot support a claim under the Tucker Act; and (4) the court lacks jurisdiction over claims of arbitrary and capricious as well as negligent conduct by the SBA.

During oral argument on the motion to dismiss, the Court *sua sponte* raised the question of whether 15 U.S.C. § 9009c caps the funds authorized for the RRF and, if so, whether such a cap limits the defendant's liability to the funds already spent, thereby preventing the plaintiffs from stating a claim for relief under Rule 12(b)(6). The parties filed supplemental briefs on that issue.

The defendant's motion to dismiss was denied. The plaintiffs were found to have properly brought claims under the Tucker Act for damages under a money-mandating statute. The plaintiffs were also found to have successfully stated a claim.

The defendant moves to certify two questions for interlocutory appeal. First, whether 15 U.S.C. § 9009c is a money-mandating statute authorizing suits for damages; and second, whether the plaintiffs failed to state a claim upon which relief can be grated because 15 U.S.C. § 9009c(b)(2)(A) limits the government's liability, the statutory covered period has expired, and Congress "permanently rescinded any unobligated balances of the $28.6 billion made available for the [RRF]." (ECF 27 at 5-6.)

Either issue presents a controlling question of law with respect to which there are substantial grounds for difference of opinion. An immediate appeal from the order may materially advance the ultimate termination of the litigation. The defendant's motion to certify the earlier order for an interlocutory appeal is granted. The defendant's motion to stay will be granted in part.

An appeal of an otherwise unappealable order may be certified when it includes the certification required by 28 U.S.C. § 1292(d)(2):

> when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

The law disfavors piecemeal appeals and typically allows an appeal only of a final judgment. 28 U.S.C. 1291). As Judge Allegra noted almost 20 years ago, "[i]t is well-accepted that interlocutory appeals under [section 1292(d)(2)] are reserved for 'exceptional' or 'rare' cases and should be authorized only with great care." *Klamath Irrigation Dist. v. United States*, 69 Fed. Cl. 160, 161 (2005).

2

The law requires that before certifying an issue for an interlocutory appeal a court find the existence of three distinct factors: (1) that "a controlling question of law is involved"; (2) that this question of law involves "a substantial ground for difference of opinion"; and (3) that an immediate interlocutory appeal "may materially advance the ultimate termination of the litigation." *See Aleut Tribe v. United States*, 702 F.2d 1015, 1019 (Fed. Cir. 1983).

As to the first factor, a question of law is controlling when resolving it would "materially affect issues remaining to be decided in the trial court." *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 13 (2001) (internal quotes omitted). Moreover, "a question of law can be controlling even if resolving it leaves factual issues for resolution in the lower court." *Doe No. 1 v. United States*, 163 Fed. Cl. 608, 612 n.5 (2023).

As to the second, a substantial ground for a difference of opinion on a controlling question of law arises when the decision (1) is in tension with other decisions from other courts, or (2) involves a novel issue or one of first impression. *Coast Fed. Bank*, 49 Fed. Cl. at 13. A question of first impression is not sufficient on its own, however, to meet the statutory standard. *See* Matthew H. Solomson, Court of Federal Claims Jurisdiction, Practice, and Procedure, 33-16 (2016).

The third statutory factor will be dependent on the facts of each case.

The defendant argues that the opinion and order denying its motion to dismiss meet the requirements of section 1292(d)(2). The defendant cites five points over which substantial grounds for differences of opinion exist. These are: (1) whether the structure of the RRF statute meets the Supreme Court's conception of a money-mandating statute; (2) whether the statutory language is sufficiently non-discretionary to mandate payment under Federal Circuit precedent; (3-4) whether the Tucker Act's waiver of sovereign immunity confers jurisdiction to hear the plaintiffs' claims, including whether the parties' competing interpretations of *Maine Community Health Options v. United States*, 590 U.S. 296 (2020) and *Bowen v. Massachusetts*, 487 U.S. 879 (1988); and (5) whether, as a matter of first impression, the SBA had made improper payments to unentitled applicants in violation of federal law. (ECF 27 at 10.) These five distinct issues can be boiled down to two questions: whether 15 U.S.C. § 9009c is money-mandating statute and whether the plaintiffs have stated a claim for relief under that statute.

The defendant argues that an immediate appeal will materially advance the termination of the case and avoid unnecessary expense and delay. The defendant argues that by raising these issues now instead of in a post-judgment appeal, years of discovery and piecemeal litigation may be avoided. Moreover, it argues, the resolution of these dispositive questions will be likely to accelerate and simplify the trial-court proceedings. The defendant also requests a stay, arguing that discovery may be unnecessary upon the resolution of the interlocutory appeal. (*Id.* at 14.)

In response, the plaintiffs argue that section 9009c is facially money-mandating, that their claims are properly brought under the Tucker Act rather than the Administrative Procedure Act, and that the defendant fails to identify any substantial question regarding whether the plaintiffs have stated a claim upon which relief can be granted. Moreover, the plaintiffs claim that an interlocutory appeal would not materially advance the ultimate termination of the litigation because, if the Federal Circuit affirms, the defendant will likely raise a distinct set of defenses

that could require a second appeal after a final judgment. The plaintiffs maintain that it would be more expedient to resolve all relevant legal issues in a single appeal. (ECF 28.)

The plaintiffs also request that, in the event the defendant's motion is granted, further proceedings not be stayed. The plaintiffs argue that because they are small businesses, any prolonged delay could result in their inability to proceed in the litigation. Further, the plaintiffs claim that discovery "will not be unreasonably burdensome" and could proceed in tandem with the interlocutory appeal. (*Id.* at 18.)

### A. Controlling Questions of Law

The issues of whether 15 U.S.C. § 9009c is money-mandating and whether the plaintiffs have stated a claim are controlling questions of law. The resolution of either question would "materially affect issues remaining to be decided in the trial court" and are therefore "controlling." *Coast Fed. Bank* 49 Fed. Cl. at 13. Moreover, the ultimate resolution of all the factual issues and any follow-on legal questions is dependent on the resolution of these underlying legal questions. *Id.* at 612.

The resolution of whether section 9009c is money-mandating will materially affect the issues remaining for decision in the trial court, because the question determines whether subject-matter jurisdiction exists over the plaintiffs' claims. *See Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 276 (2003) (a jurisdictional issue "constitutes an appropriate question for certification."). Subject-matter jurisdiction is a threshold issue. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Without it, the plaintiffs' complaint must be dismissed. RCFC 12(h)(3).

In addition, whether the claim that the SBA made improper payments to undeserving applicants states a claim upon which relief can be granted is also controlling and will necessarily affect the future of the litigation. *See Doe No. 1*, 163 Fed. Cl. at 612. A finding by the Federal Circuit on this issue of first impression would require the cases dismissal and as a result would "'materially affect [the] issue remaining to be decided.'" *Coast Fed. Bank*, 49 Fed. Cl. at 13 (quoting *Pikes Peak Fam. Hous. LLC v. United States*, 40 Fed. Cl. 673, 686 (1998)).

### B. Substantial Ground for Difference of Opinion

Each party made strong arguments in favor of its position during the briefing on the motion to dismiss and the supplemental briefing following oral argument. On the two issues on which the defendant seeks to appeal, the substantial amounts of briefing and time during oral arguments devoted to these topics illustrate the differences of opinion on these issues. *See Fairholme Funds, Inc. v. United States*, 147 Fed. Cl. 126, 130 (2020) (recognizing substantial room for disagreement on an issue when parties dedicated extensive briefing to the topic).

The fundamental dispute is whether the plaintiffs have presented a claim within the Tucker Act jurisdiction of the Court of Federal Claims. The nature of the underlying statute and its implementation present distinctive and novel issues. Cases from the Federal Circuit interpreting *Maine Community Health* and its gloss on *Bowen* are few, but of great importance to defining the contours and limits of Tucker Act jurisdiction.

4

The defendant claims the denial of its motion to dismiss is in tension with binding precedent holding that a statute providing for the payment of forward-looking grants is not money-mandating. *See Maine Cmty. Health Option*, 590 U.S. at 326-27. The defendant cites to the Federal Circuit's decision in *Lummi Tribe* to support its position that a statute requiring grants was not money-mandating. *Lummi Tribe of the Lummi Rsrv., Washington v. United States*, 870 F.3d 1313, 1317 (Fed. Cir. 2017).

The plaintiffs dispute the defendant's contention that a finding that section 9009c is not money-mandating would divest the court of jurisdiction. Citing *Fisher*, they argue that "[i]t is the statute, not the Government official, that provides for the payment. If the Government official's determinations under the statute are in error, the court is there to correct the matter." (ECF 28 at 9 (citing *Fisher v. United States*, 402 F.3d 1167, 1175 (Fed. Cir. 2005).) Further, they argue that the statute need only be money-mandating as to the class to which the plaintiffs belong. (ECF 28 at 8 (citing *Roberts v. United States*, 745 F.3d 1158, 1162 (Fed. Cir. 2014).)

Both parties acknowledge to some extent this question is one of first impression. *Coast Fed. Bank*, 49 Fed. Cl. at 13 (a "substantial ground for a difference of opinion" on a controlling question of law may arise when the [question] . . . involves a novel issue or one of first impression). While that factor alone will not justify allowing an interlocutory appeal, that is not the lone factor here.

The denial of the motion to dismiss is not without uncertainty. The underlying issue presents a question of importance to the government and potentially to Congress in the effect of the language it may choose to employ in enacting future grant programs.

The importance and novelty of the issue and the ability of both parties to cite Supreme Court and Federal Circuit precedent in support of their arguments are sufficient to demonstrate that there exists "substantial ground for a difference of opinion."

As to whether the plaintiffs have stated a claim, the substantial ground for difference of opinion arises from the issue's novelty and lack of guiding precedent. *See Coast Fed. Bank*, 49 Fed. Cl. at 13. As to this issue as well, the statute was found to present a case of first impression. *112 Genesee*, 172 Fed. Cl. at 454-55. The distinctive and unusual language used by Congress in enacting the RRF program led to an extended review of whether the law imposes a cap on liability and the redressability of the plaintiffs' alleged injuries. Because of the novelty of the statutory language, there is a paucity of applicable precedent. Both parties were able to point to Federal Circuit precedents to support their positions.

Here again, the issue is uncertain, the statutory language novel, and a resolution may be important to Congress in enacting new grant programs. The novelty, uncertainty, and importance of the issue warrant appellate review at this stage of the case.

### C. Immediate Appeal May Materially Advance the Litigation

Finally, both issues certified for appeal create the potential for dismissal without consideration of the merits of the claims. As a result, an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2); *See Atkins N. Am., Inc. v. United States*, No. 09-112 C, 2012 U.S. Claims LEXIS 1496, at *3 (Fed. Cl. Nov. 28,

2012) (finding an immediate appeal might materially advance the termination of the case because it could result in the dismissal of the case for lack of jurisdiction).

If, upon review, the Federal Circuit holds that section 9009c is not money-mandating, the plaintiffs' claims would fall beyond the scope of the Tucker Act's waiver of sovereign immunity, and the complaint would have to be dismissed. The same is true on the question of whether the plaintiffs have stated a claim for relief. If they have not because Congress capped the government's liability, dismissal will be required.

A ruling on both issues has the potential to result in a more expeditious and efficient resolution of the case. In the interest of judicial economy, it would be inefficient to proceed to the merits of the case before receiving a definitive ruling on the preliminary questions of whether the case may proceed to the merits.

Despite the plaintiffs' argument to the contrary, there is little prospect of future appeals if the Court of Appeals affirms the denial of the motion to dismiss. At that stage, section 9009c will effectively have been found to be money-mandating, and the defendant's liability uncapped, at least as to relief from the Judgment Fund. A determination as to the facts underlying the claim of each plaintiff, and whether each plaintiff is entitled to relief will be all that remains for resolution. With 303 plaintiffs, that review will be fact- and labor-intensive, but the outcome for each plaintiff is unlikely to provoke any further appeal by the defendant.

Were the motion to be denied and the case proceed to the merits, discovery and resolution of the claim of each plaintiff will take time, and ultimately the defendant will appeal a final judgment. The plaintiffs will not see relief until that appeal is resolved. Relief for each plaintiff may be expedited were the defendant to lose an appeal now of the preliminary legal issues.

The factors here counsel in favor of allowing the defendant to seek to pursue an interlocutory appeal under section 1292(d)(2).

### D. Stay of Discovery and Further Proceedings

The defendant has also requested that discovery and further proceedings be stayed until resolution of the interlocutory appeal. Under 28 U.S.C. § 1292(d)(3), the granting of an interlocutory appeal by a district judge shall not stay proceedings in the trial court unless the judge orders a stay. The statute implies that even if a case is certified for an interlocutory appeal, Congress established a preference against staying litigation in the trial court during the appeal. The statute does leave the decision to stay a case to the trial judge exercising discretion under the facts of each case. In evaluating whether to stay a case that the trial court has certified for an interlocutory appeal, the trial judge should consider whether a stay would promote judicial economy and benefit the parties. *Doe No. 1*, 163 Fed. Cl. at 614; *see Unionbancal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010).

The defendant seeks to avoid the burdens and costs of discovery; the plaintiffs seek to avoid the delay of a final resolution and payment of damages if they prevail on appeal, and discovery were to start only after the appeal is resolved. If the defendant is successful on its appeal, any time and resources expended in discovery will have been wasted. The defendant represents that discovery the plaintiffs seek from the SBA will be burdensome and time-

consuming. Similarly, discovery by the defendant into whether each of the 303 plaintiffs was qualified to receive RRF payments may be time-consuming. If the plaintiffs prevail on appeal, discovery is therefore likely to consume substantial resources and take many months.

Many of the plaintiffs are small businesses. If they are entitled to recover what they should have received under the RRF, extended delays from discovery on remand will place additional strain on them.

Balancing the various efficiencies and burdens, the Court will stay discovery until the Court of Appeals decides whether to allow this interlocutory appeal to proceed. If the appeal is accepted, further proceedings, including discovery, will be stayed pending completion of the briefing in the Court of Appeals. The parties will be required to notify the Court when briefing in the Court of Appeals has been completed, and the Court will hear from the parties at that time about a schedule for further proceedings, including discovery.

## II.     CONCLUSION

The requirements for interlocutory appeal are satisfied. The order denying the motion to dismiss involves controlling questions of law with respect to which there are substantial grounds for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. Accordingly, the defendant's motion to certify interlocutory appeal is granted. The prior order (ECF 19) denying the motion to dismiss will be amended to reflect that this case meets the criteria for an appeal pursuant to 28 U.S.C. § 1292(d)(2). Further proceedings will be stayed until briefing in the Court of Appeals is completed.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**